**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VAULTET LLC, <br><br> Plaintiff, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | ) <br> ) Civil Action No. 6:17-cv-471 – RWS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) |

**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF VAULTET LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Starbucks Corporation ("Starbucks") hereby responds to the Complaint of Plaintiff Vaultet LLC ("Vaultet"):

1. Starbucks admits that the Complaint purports to be an action for patent infringement. Starbucks denies any remaining allegations in Paragraph 1.

**PARTIES**

2. Starbucks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies them.

3. Starbucks admits that it is a corporation organized and existing under the laws of the State of Washington, with its corporate headquarters at 2401 Utah Ave South, Seattle, WA 98134.

**JURISDICTION AND VENUE**

4. Starbucks admits that the Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code. Starbucks admits that the Court has subject matter jurisdiction over this action. Starbucks denies any remaining allegations in Paragraph 4.

5. For purposes of this action only, Starbucks does not currently contest venue. Starbucks admits that it has store locations at 2584 FM 544, Wylie, TX 75098; 410 TX-78,

Wylie, TX 75098; 102 FM 544, Murphy, TX 75094; 1121 E Spring Creek Pkwy, Plano, TX 75074; and 113 N NW Loop 323, Tyler, TX 75702.  Starbucks denies any remaining allegations in Paragraph 5.

6. For purposes of this action only, Starbucks does not contest that this Court has personal jurisdiction over Starbucks.  Starbucks denies any remaining allegations in Paragraph 6.

## COUNT I

## ALLEGATION OF INFRINGEMENT OF U.S. PATENT NO. 7,814,009

7. Starbucks admits that Exhibit A appears to be a copy of U.S. Patent No. 7,814,009, which purportedly issued on October 12, 2010.  Starbucks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and therefore denies them.

8. Starbucks denies each and every allegation of Paragraph 8 of the Complaint.

9. Starbucks denies each and every allegation of Paragraph 9 of the Complaint.

10. Starbucks admits that its services include a system to transfer payments electronically from a Starbucks customer to Starbucks.  Starbucks further admits that it sells gift cards.  Starbucks further admits that its customers may use Visa Checkout as a method of payment.  Starbucks denies any remaining allegations in Paragraph 10.

11. Starbucks denies each and every allegation of Paragraph 11 of the Complaint.

12. Starbucks denies each and every allegation of Paragraph 12 of the Complaint.

13. Starbucks denies each and every allegation of Paragraph 13 of the Complaint.

14. Starbucks admits that its Stored Value Card system utilizes a computer network.  Starbucks denies any remaining allegations in Paragraph 14.

15. Starbucks denies each and every allegation of Paragraph 15 of the Complaint.

16. Starbucks denies each and every allegation of Paragraph 16 of the Complaint.

17. Starbucks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore denies them.

18. Starbucks denies each and every allegation of Paragraph 18 of the Complaint.

## RESPONSE TO VAULTET'S PRAYER FOR RELIEF

Starbucks denies that Vaultet is entitled any relief whatsoever against Starbucks in this Action either as requested in the Complaint or otherwise. Starbucks has not infringed any valid and enforceable claims of U.S. Patent No. 7,814,009 and Vaultet is not entitled to any remedy or recovery. Vaultet's prayer should therefore be denied in its entirety and with prejudice, and Vaultet should take nothing therefore.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 18 of the Complaint, and without undertaking any of the burdens imposed by law on Vaultet, Starbucks avers and asserts the following separate defenses to the Complaint. Starbucks expressly reserves the right to allege additional defenses as they become known through the course of discovery, at trial, and as justice and fairness requires.

## FIRST AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,814,009

19. Starbucks has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 7,814,009, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY OF U.S. PATENT NO. 7,814,009

20. One or more claims of U.S. Patent No. 7,814,009 is invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitations 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
## CLAIMS FOR DAMAGES BARRED

21. Plaintiff's claims for damages are barred in whole or in part by 35 U.S.C. §§ 286, and/or 288.

### FOURTH AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CLAIM

22. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

### WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS

23. Plaintiff's claims are barred in whole or in part by waiver, estoppel (including equitable prosecution history estoppel), acquiescence, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### FAILURE TO MARK

24. Upon information and belief, the Complaint and the claims for relief asserted therein are barred, in whole or in part, under 35 U.S.C. § 287.

### RESERVATION OF DEFENSES

Starbucks reserves the right to plead additional defenses as discovery proceeds in this case.

### COUNTERCLAIMS

Starbucks Corporation ("Starbucks") hereby makes the following Counterclaims against Vaultet LLC ("Vaultet") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for a judgment declaring U.S. Patent No. 7,814,009 invalid and not infringed.

### PARTIES

2. Starbucks Corporation is a Washington company having a principal place of business at 2401 Utah Ave South, Seattle, WA 98134.

3. Vaultet has alleged that it is a Texas limited-liability company having a principal place of business at 5570 FM423, Suite 250-2024, Frisco, Texas 75034.

### JURISDICTION AND VENUE

4. This Counterclaim seeks, *inter alia*, a declaratory judgment in a case of actual

controversy between Starbucks and Vaultet arising under the United States Declaratory Judgment Act, 28, U.S.C. §§ 2201 and 2002, and the United States Patent Act, 35 U.S.C. § 100, *et seq*.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

6. The Court has personal jurisdiction over Vaultet because Vaultet has availed itself of this Court through the filing of its Complaint. Vaultet alleges that it is the owner of United States Patent No. 7,814,009

7. To the extent venue of the action commenced by Vaultet is found to be proper, venue for these Counterclaims is also proper in this district pursuant to 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

8. Upon information and belief, United States Patent No. 7,814,009 ("the '009 patent") is entitled "Anonymous On-line Cash Management System," and it appears to have been issued by the United States Patent and Trademark Office on October 12, 2010. A copy of the '009 patent is attached hereto as Exhibit 1.

9. Through its Complaint in this action, Vaultet purports to be the assignee with all right, tile, and interest in the '009 patent, and Vaultet alleges that Starbucks infringes the '009 patent.

10. Starbucks denies that the '009 patent is valid, enforceable, and infringed.

11. In view of the foregoing, a conflict of asserted rights has arisen between Starbucks and Vaultet with respect to the alleged infringement and the validity of the claims of the '009 patent.

## FIRST COUNTERCLAIM

## DECLARATION OF NON-INFRINGEMENT

12. Starbucks re-alleges and incorporates by reference Paragraphs 1 through 11 of this Counterclaim as though fully set forth herein.

13. This is a claim for declaratory judgment of non-infringement of U.S. Patent

No. 7,814,009.

14.     Vaultet has filed an infringement action in this Court to enforce U.S. Patent No. 7,814,009 against Starbucks alleging infringement. Starbucks has denied that it infringes or has infringed any valid and enforceable claim of U.S. Patent No. 7,814,009. An actual case or controversy exists between Vaultet and Starbucks.

15.     Starbucks does not infringe, and has not infringed, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 7,814,009, either literally or under the doctrine of equivalents.

16.     Starbucks seeks a declaration from this Court that Starbucks does not infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 7,814,009, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY

17.     Starbucks re-alleges and incorporates by reference Paragraphs 1 through 16 of this Counterclaim as though fully set forth herein.

18.     This is a claim for declaratory judgment of invalidity of one or more claims of U.S. Patent No. 7,814,009.

19.     Vaultet has filed an infringement action in this Court to enforce U.S. Patent No. 7,814,009 against Starbucks alleging infringement. Starbucks has denied that it infringes or has infringed any valid and enforceable claim of U.S. Patent No. 7,814,009. An actual case or controversy exists between Vaultet and Starbucks.

20.     One or more claims of U.S. Patent No. 7,814,009 are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, §§ 101, 102, 103, 112.

21.     Starbucks seeks a declaration from this Court that one or more claims of U.S. Patent No. 7,814,009 are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Starbucks Corporation prays for the following relief:

A.    That all claims against Starbucks be dismissed with prejudice and that all relief requested by Vaultet be denied;

B.    That a judgment be entered declaring that Starbucks has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. 7,814,009;

C.    That a judgment be entered declaring that all claims of U.S. Patent No. 7,814,009 are invalid and/or unenforceable;

D.    That a judgment be entered, declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Starbucks is entitled to recover its reasonable attorneys' fees;

E.    That Starbucks be awarded costs, attorneys' fees, and other relief, both legal and equitable, to which it may be justly entitled; and

F.    That Starbucks be awarded such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Starbucks Corporation hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

    Respectfully submitted,

    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 1, 2017    By: */s/ Brian C. Claassen*
    Brian C. Claassen (CA SBN 253627)
    brian.claassen@knobbe.com
    (*Admitted to practice in the Eastern District of Texas*)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
    Telephone: (949) 760-0404
    Facsimile: (949) 760-9502

    Attorney for Defendant Starbucks Corporation

## **CERTIFICATE OF SERVICE**

    I certify that counsel of record who are deemed to have consented to electronic service are being served on November 1, 2017, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

                                                          */s/ Brian C. Claassen*
                                                           Brian C. Claassen

26930168